UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAITY RUILOVA, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>YALE-NEW HAVEN HOSPITAL, INC., et al.,<br><br>      Defendants. | Civil Action No. 3:22-cv-00111-MPS<br><br>May 20, 2022 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
<u>DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i
INTRODUCTION .......................................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
    I.    Plaintiffs' Amended Complaint Fails to State a Claim Regarding Recordkeeping Fees, the Fidelity Freedom Funds, the Plan's Overall Costs, Breach of the Duty of Loyalty, Failure to Monitor Fiduciaries, Co-Fiduciary Liability, Knowing Breach of Trust, and Defendants' Fiduciary Status. ............................................................................................... 2
    II.   Plaintiffs' Amended Allegations Challenging Five of the Plan's Mutual Funds Still Fail to State a Claim. ............................................................................................................... 4
        A.  Plaintiffs' Performance Allegations Are Insufficient to State a Claim .......................... 4
        B.  Plaintiffs' Alleged Comparators Are Insufficient to State a Claim. ............................. 6
CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                 **Page(s)**

*Davis v. Wash. Univ.*,
   960 F.3d 478 (8th Cir. 2020) ............................................................................................. 3, 7

*Dorman v. Charles Schwab Corp.*,
   No. 17 Civ. 285, 2019 WL 580785 (N.D. Cal. Feb. 8, 2019) .................................................. 4

*Fifth Third Bancorp v. Dudenhoeffer*,
   573 U.S. 409 (2014) ................................................................................................................ 7

*Hecker v. Deere & Co.*,
   556 F.3d 575 (7th Cir. 2009) .............................................................................................. 3, 7

*Hughes v. Northwestern Univ.*,
   142 S. Ct. 737 (2022) .............................................................................................................. 7

*Meiners v. Wells Fargo & Co.*,
   898 F.3d 820 (8th Cir. 2018) .................................................................................................. 6

*Patterson v. Morgan Stanley*,
   No. 16-CV-6568, 2019 WL 4934834 (S.D.N.Y. Oct. 7, 2019) ..................................... 4, 5, 6, 7

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley
Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013) ................................................................................................... 7

*Wehner v. Genentech, Inc.*,
   No. 20-CV-06894, 2021 WL 507599 (N.D. Cal. June 14, 2021) ........................................ 4, 5

*White v. Chevron Corp.*,
   No. 16-cv-0793, 2016 WL 4502808 (N.D. Cal. August 29, 2016) ......................................... 5

*Wildman v. Am. Century Servs.*,
   362 F. Supp. 3d 685 (W.D. Mo. 2019) ................................................................................... 5

**Statutes**

29 U.S.C. § 1104(a)(1)(B) .............................................................................................................. 7

**INTRODUCTION**

Defendants moved on April 15, 2022 to dismiss the original Complaint in this action. Plaintiffs, who are former participants in the Yale New Haven Hospital and Tax Exempt Affiliates Tax Sheltered Annuity Plan (the "Plan"), then filed an Amended Complaint purporting to cure the deficiencies that Defendants had identified in the original Complaint. Plaintiffs' Amended Class Action Complaint (Doc. 56) asserts the same claims as their original Complaint. But the allegations in the Amended Complaint still fall well short of alleging a plausible claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), and still should be dismissed.

The Amended Complaint corrects the identities of the Committee defendants: the System Investment Committee of Yale New Haven Health Services Corporation and System Affiliates, and the Retirement Committee of Yale New Haven Health Services Corporation and System Affiliates (collectively the "Committees"). Defendants agree that the Plaintiffs' correction in this regard was appropriate.

But although they are clearly defective, Plaintiffs have left largely unchanged their allegations regarding the Plan's recordkeeping fees, the inclusion of the Fidelity Freedom Funds ("Freedom Funds" or "Active Suite") in the Plan's lineup of investment options, the Plan's overall costs, and the fiduciary status of the Defendants named in this action.[1] For the reasons

---

[1] Plaintiffs assert these claims against Yale New Haven Hospital ("YNHH"), the Board of Trustees of Yale New Haven Hospital, Inc. (the "Board"), individual members of the Board ("Individual Board Members"), The System Investment Committee of Yale New Haven Health Services Corporation and System Affiliates and the Retirement Committee of Yale New Haven Health Services Corporation and System Affiliates ("Committees"), and individual members of the Committees ("Individual Committee Members") (collectively, "Defendants"). Doc. 56, Amended Complaint ("Am. Compl.") ¶¶ 1, 11-14.

1

set forth in Defendants' original Motion to Dismiss and Memorandum in Support, Plaintiffs' claims for breach of fiduciary duty with respect to each of those four topics should be dismissed.[2]

On a fifth topic - Plaintiffs' challenge to five of the Plan's mutual funds – Plaintiffs made limited modifications in their Amended Complaint. As discussed in Defendants' Original Brief (incorporated herein) and described more particularly below, those allegations still fail to state a claim. The Amended Complaint continues to rely improperly on impermissible hindsight-based data in an attempt to allege that these investments were imprudent. And, as discussed below, the comparators Plaintiffs chose to include in the Amended Complaint are not appropriate benchmarks to measure the prudence of the five funds at any time during the relevant period. As such, Plaintiffs' Amended Complaint fails to state a claim and should be dismissed.

## ARGUMENT

**I.     Plaintiffs' Amended Complaint Fails to State a Claim Regarding Recordkeeping Fees, the Fidelity Freedom Funds, the Plan's Overall Costs, Breach of the Duty of Loyalty, Failure to Monitor Fiduciaries, Co-Fiduciary Liability, Knowing Breach of Trust, and Defendants' Fiduciary Status.**

On four of the principal topics, Plaintiffs' Amended Complaint includes very few new allegations as compared to their original Complaint. Pursuant to the Court's Orders (Doc. Nos. 46 and 57), Defendants incorporate herein by reference their Original Brief, which lays out in detail the reasons why Plaintiffs' claims regarding the Plan's recordkeeping fees, the inclusion of the Freedom Funds in the Plan's investment lineup, the overall Plan costs, breach of loyalty, and

---

[2] Pursuant to the Court's Orders dated April 29, 2022 and May 9, 2022, Doc. Nos. 46 and 57, respectively, Defendants are "incorporat[ing] by reference … prior briefing," specifically their Memorandum of Law in Support of their Motion to Dismiss, Doc. Nos. 37-1 and 39-1 ("Br." or "Original Brief"), and accompanying declaration and exhibits. Defendants have also renewed their Motion to Seal the unredacted versions of their original Memorandum of Law and accompanying declarations and exhibits (Doc. No. 38).

co-fiduciary liability and failure to monitor fiduciaries are insufficient and should be dismissed. Br. at 9-28, 33-36.  The same case law, facts, and reasoning apply to those claims in the Amended Complaint, which do not meaningfully differ from what Plaintiffs alleged in the original Complaint.³  *See* Doc. No. 56-1 (redline of original Complaint as compared to the Amended Complaint, showing no substantive differences regarding recordkeeping fee allegations (¶¶ 48-57), Freedom Fund allegations (¶¶ 58-81), overall Plan costs (¶¶ 107-08), and failure to monitor fiduciaries, co-fiduciary liability, and knowing breach of trust (¶¶ 133-44)).

Defendants' original brief also explained that Plaintiffs fail to allege a basis for plausibly concluding that the Board, Individual Board Members, and Individual Committee Members qualify as fiduciaries with respect to the actions challenged in the Complaint. The same is true of the Amended Complaint.  Br. at 36-39; Doc. No. 56-1 (redline of original Complaint as compared to the Amended Complaint, showing no substantive differences in allegations regarding the Board, Individual Board Members, and Individual Committee Members) (¶¶ 12-14).

Accordingly, the Court should dismiss Plaintiffs' claims with respect to the Plan's recordkeeping fees, the inclusion of the Freedom Funds in the investment lineup, the overall Plan costs, breach of the duty of loyalty, failure to monitor fiduciaries, co-fiduciary liability, and

---

³ Though it does not change the posture of their claim, Defendants note that Plaintiffs' new allegation that "Defendants should have considered the respective merits and features of **all available [target date fund] options**" is untenable.  Am. Compl. ¶ 59 (emphasis added).  As stated in Defendants' Original Brief, "ERISA does not require the Plan's fiduciaries to select the least expensive or best performing investment." Br. at 6 (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009); *Davis v. Wash. Univ.*, 960 F.3d 478, 482 (8th Cir. 2020)).  Moreover, the notion that the Committees should have considered *all* target date funds is not only not required by ERISA, but is impracticable, given the hundreds of target date funds available in the market.  Br. at 25 n.14.

3

knowing breach of trust. The Court should likewise dismiss the Board, the Individual Board Members, and the Individual Committee Members as Defendants in this action.

II. **Plaintiffs' Amended Allegations Challenging Five of the Plan's Mutual Funds Still Fail to State a Claim.**

The majority of the changes in Plaintiffs' Amended Complaint relate to their claim that the following five mutual funds should not have been included in the Plan: the Parnassus Core Equity Fund; the Invesco Diversified Dividend Fund; AMG TimesSquare Mid Cap Growth Fund; the Fidelity High Income Fund; and the Lazard Emerging Markets Equity Portfolio. Am. Compl. ¶¶ 82-106. Despite Plaintiffs' attempt to improve their allegations, these claims continue to suffer from the same fatal defects as they did in Plaintiffs' original Complaint. *See* Br. at 28-32. Plaintiffs again rely exclusively on cherry-picked and/or hindsight-based data and fail to allege proper comparators for the investments they challenge.

A. **Plaintiffs' Performance Allegations Are Insufficient to State a Claim.**

Plaintiffs' alleged performance data regarding the five challenged mutual funds is insufficient to state a claim for breach of fiduciary duty. Plaintiffs' allegations rely on trailing 3- and 5-year performance data for four of the five challenged investments, as compared to their benchmarks. Am. Compl. ¶¶ 82-106. Such limited performance data from short periods of time is not enough to allow the Court to infer that the Committees were imprudent. *Wehner v. Genentech, Inc.*, No. 20-CV-06894, 2021 WL 507599 at *9 (N.D. Cal. June 14, 2021) (dismissing plaintiff's "hindsight assessment" of "underperformance . . . based on annual returns over three- and five-year periods"); *Dorman v. Charles Schwab Corp.*, No. 17 Civ. 285, 2019 WL 580785, at *3, *6 (N.D. Cal. Feb. 8, 2019) (partially dismissing allegations that a fund "persistently and/or materially underperformed" for three to five years because such allegations did not support an inference of imprudence); *cf. Patterson v. Morgan Stanley*, No. 16-CV-6568,

2019 WL 4934834, at *10 (S.D.N.Y. Oct. 7, 2019) *10 (finding that "consistent, ten-year underperformance may support a duty of prudence claim," if it is "substantial").

The only investment for which Plaintiffs allege 10-year returns (as opposed to 3- and 5-year returns) is the Fidelity High Income Fund. Yet Plaintiffs do not allege that the Fidelity High Income Fund ever underperformed its benchmark by more than 1% with the exception of one quarter in ten years (the fourth quarter of 2018). Am. Compl. ¶ 96. Such allegations do not amount to "substantial underperformance," and do not support an inference that the Committees were imprudent in retaining the Fidelity High Income Fund as an offering in the Plan. *Patterson*, 2019 WL 4934834 at *10 (holding that a "difference of less than one percentage point" as compared to an investment's benchmark "does not support the inference that Defendants were imprudent" in maintaining the investment).

In challenging the Parnassus, Invesco, and Lazard funds, Plaintiffs attempt to show that the Committees acted imprudently by failing to recognize within 3 year and 5 year windows "four consecutive quarters" (one year) and "eight consecutive quarters" (two years) of underperformance. Am. Compl. ¶¶ 84, 85, 87, 89, 90, 92 103. But "a fiduciary may—and often does—retain investments through a period of underperformance as part of a long-range investment strategy." *White v. Chevron Corp.*, No. 16-cv-0793, 2016 WL 4502808, *17 (N.D. Cal. August 29, 2016); *Wehner*, 2021 WL 507599, at *9 ("There is nothing presumptively imprudent about a retirement plan retaining investments through periods of underperformance as part of a long-range investment strategy"); *Wildman v. American Century Services*, 362 F. Supp. 3d 685, 707 (W.D. Mo. 2019) (holding that fiduciary did not breach duty of prudence where fiduciary "was hesitant to remove a fund simply because it had not performed well in the short term") (citing *White*, 2016 WL 4502808, at *17). What is more, each of these investments

5

*outperformed* their benchmarks in at least one of the quarters noted in the Amended Complaint. Am. Compl. ¶¶ 86, 90, 104.  ERISA does not require fiduciaries to immediately remove a fund due to short-term underperformance.  Plaintiffs' performance allegations therefore do not sustain their imprudence claim, and should be dismissed.

### B. Plaintiffs' Alleged Comparators Are Insufficient to State a Claim.

As in their original Complaint, Plaintiffs again fail to allege meaningful benchmarks to the five mutual funds they challenge, as they must.  *See Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018).  Plaintiffs' comparator allegations suffer from a common flaw: they all lack facts showing that Plaintiffs' alternative funds are appropriate comparators to each of the Plan's funds.  Plaintiffs simply make conclusory allegations that their alternative funds are proper comparators.  Am. Compl. ¶¶ 87, 92, 95, 100, 106.  Without specific allegations regarding *why* each of Plaintiffs' proposed alternatives are proper comparators, Plaintiffs cannot meet their burden under Rule 12(b)(6).  *Patterson*, 2019 WL 4934834, at *11 (dismissing a claim based on conclusory allegations that a fund "did not perform as well as a supposedly comparable investment" that lacked "detail as to the extent of the investment's shortcomings or why the [] Fund is a comparable investment").

Moreover, with respect to each of the five challenged Plan funds, Plaintiffs cherry-picked the Morningstar rank of the investments as of a single point in time during the alleged class period in an effort to show imprudence of the challenged funds.  Am. Compl. at ¶¶ 87 (comparing Parnassus Core Equity Fund's Morningstar rank against comparators as of the "first quarter of 2018"); 92 (comparing Invesco Diversified Dividend Fund's Morningstar rank against comparators as of the "third quarter of 2018"); 95 (comparing AMG TimesSquare Mid Cap Growth Fund's Morningstar rank against comparators as of the "first quarter of 2019"); 100

(comparing Fidelity High Income Fund's Morningstar rank against comparators as of the "start of the class period," or January 21, 2016); 106 (comparing Lazard Emerging Markets Equity Portfolio's Morningstar rank against that of comparators as of the "start of the class period," or January 21, 2016). Such a limited snapshot of a fund's Morningstar peer category ranking as of a specific quarter simply does not show that the Plan's investments were or became imprudent anytime during Plaintiffs' proposed class period (which runs from 2016 through 2022). *See Patterson*, 2019 WL 4934834, at *10 (S.D.N.Y. Oct. 7, 2019) ("Plaintiffs cannot rely on data accumulated in 2016 . . . [to] demonstrate imprudence with regard to breaches alleged to have occurred earlier."). By comparing Morningstar rankings "as of" a single point in time, Plaintiffs improperly allege imprudence "from the vantage point of hindsight." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 716 (2d Cir. 2013) ("*St. Vincent*"); *see also Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014) (prudence inquiry is tethered to "circumstances … prevailing at the time of the fiduciary acts") (citing 29 U.S.C. § 1104(a)(1)(B)). These allegations are therefore wholly insufficient to support an inference of fiduciary breach.

At bottom, Plaintiffs' Amended Complaint boils down to assertions that Defendants in theory could have chosen to offer funds that ended up performing better. This is simply not what ERISA requires of plan fiduciaries. *See Hecker*, 556 F.3d at 586; *Davis*, 960 F.3d at 486. As noted in Defendants' Original Brief, for each of the investments they challenge, Plaintiffs have failed to show "that a superior alternative investment was readily apparent [at the time of the investment decision] such that an adequate investigation would have uncovered that alternative." Br. at 32 (citing *St. Vincent*, 712 F.3d at 719). Plaintiffs' conclusory allegations do not give rise to an inference of fiduciary breach because they do not give "due regard to the range of

7

reasonable judgments a fiduciary may make based on her experience and expertise." *Hughes v. Northwestern Univ.*, 142 S. Ct. 737, 742 (2022). Plaintiffs' Amended Complaint should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' Original Brief, Plaintiffs' Amended Complaint should be dismissed in its entirety, with prejudice.

Dated: May 20, 2022

Respectfully submitted,

THE DEFENDANTS,

*Yale-New Haven Hospital, Inc., the Board of Directors of Yale-New Haven Hospital, Inc., and the Investment Oversight Committee of the Yale-New Haven Hospital and Tax Exempt Affiliates Tax Sheltered Annuity Plan*

/s/ William J. Delany
William J. Delany (admitted *pro hac vice*)
Michael J. Prame (admitted *pro hac vice*)
Elizabeth L. Woods (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW
Washington, DC 20006
Tel No. (202) 861-0164
Fax No. (202) 659-4503
Email: wdelany@groom.com
mprame@groom.com
ewoods@groom.com

/s/ Jonathan B. Orleans
Jonathan B. Orleans (ct05440)
PULLMAN & COMLEY, LLP
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
Tel. No. (203) 330.2129
Fax No. (203) 576.8888
Email: jborleans@pullcom.com

*Their Attorneys*

8