IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAITY RUILOVA, *et al.*,<br><br>                Plaintiffs,<br><br>     v.<br><br>YALE NEW HAVEN HOSPITAL, INC., *et al.*,<br><br>                Defendants. | Case No.: 3:22-cv-00111-MPS |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs[1] respectfully submit this response to Defendants'[2] Third Notice of Supplemental Authority in Further Support of Defendants' Motion to Dismiss ("Notice," ECF No. 76) regarding the Eighth Circuit's recent decision in *Matousek v. MidAmerican Energy Co.*, -- F.4th --, 2022 WL 6880771 (8th Cir. Oct. 12, 2022), and the Eastern District of New York's decision in *Gonzalez v. Northwell Health, Inc.*, 2022 WL 4639673 (E.D.N.Y. Sept. 30, 2022). As a preliminary matter, *Matousek* is neither binding on this Court nor persuasive when viewed in conjunction with the numerous well-reasoned, on-point decisions by courts in this Circuit and around the country reaching opposite conclusions. Furthermore, the allegations in *Matousek* and *Gonzalez* are far less detailed than those advanced in the Amended Class Action Complaint ("Complaint," ECF No. 56), and, therefore, *Matousek* and *Gonzalez* do not provide any support for Defendants' motion.

---

[1] Plaintiffs are Kaity Ruilova and Eileen Brannigan.
[2] Defendants are Yale New Haven Hospital, Inc., the Board of Trustees of Yale New Haven Hospital, Inc., the System Investment Committee of Yale New Haven Health Services Corp. and System Affiliates, and the Retirement Committee of Yale New Haven Health Services Corp. and System Affiliates.

1

*First*, the *Matousek* plaintiffs' allegations regarding recordkeeping fees, which were not specifically mentioned in the district court's dismissal, hinged on the fact that the plan's recordkeeping fees were higher than industry average recordkeeping fees for plans with similar participant counts. *See* 2022 WL 6880771, at *3. In affirming the district court's dismissal, the Eighth Circuit reasoned that the plaintiffs failed to plead meaningful benchmark, "[a]nd without a *meaningful* benchmark, the plaintiffs have not created a plausible inference that the decision-making process itself was flawed." *Id.* (citing *Davis v. Washington Univ. in St. Louis*, 960 F.3d 478, 484-85 (8th Cir. 2020); *Sweda v. Univ. of Pa.*, 923 F.3d 320, 330-32 (3d Cir. 2019)). The Eighth Circuit found that industry averages are not the "like-for-like comparison" required under that Circuit's precedents because such averages do not support an inference that the plan at issue paid more than a reasonable amount for the services it actually obtained from its recordkeeper, Merrill Lynch.

By contrast, Plaintiffs' recordkeeping fees claim is supported by exactly the kind of allegations the Eighth Circuit found to be lacking in *Matousek*. Plaintiffs clearly and specifically allege the Plan's[3] specific basket of recordkeeping fees were unreasonably high relative to similarly sized plans **and** the recordkeeping services provided, including from Fidelity—the Plan's actual recordkeeper. *See* Complaint ¶¶ 50–57. Such allegations that "similarly sized plans spend less on the same services" are exactly what the Eighth Circuit clarified would be sufficient to infer imprudence. *Matousek*, 2022 WL 6880771, at *2. Importantly, Plaintiffs do not base their claim on the argument that Defendants failed to select the cheapest recordkeeping option, but rather on the contention that Defendants failed to employ a sufficient fiduciary

---

[3] The "Plan" refers to the Yale New Haven Hospital and Tax Exempt Affiliates Tax Sheltered Annuity Plan.

2

process to monitor the recordkeeping fees charged to the Plan. *See* Complaint ¶¶ 48–57. Plaintiffs more than sufficiently allege meaningful benchmarks indicating the Plan's recordkeeping fees were excessively expensive in relation to the services obtained, and clearly create a plausible inference that the fiduciary's "decision-making process itself was flawed." *Matousek*, 2022 WL 6880771, at *3; *see* Complaint at ¶¶48-57.

*Second*, the *Matousek* court similarly dismissed the plaintiffs' investment performance claims for want of a benchmark that could provide a "sound basis for comparison." *Matousek*, 2022 WL 6880771, at *4. Here, Plaintiffs' direct investment challenges are far more comprehensive than those in *Matousek* and are based on apt active and passive performance benchmarks. *See* Complaint ¶¶ 64–74, 79–106. Plaintiffs avoid the ambiguity that plagued the *Matousek* complaint by addressing the different "risk profiles, return objective, and management approaches" for each challenged fund. *Matousek*, 2022 WL 6880771, at *5; *see* Complaint ¶¶ 58–61, 64–81, 83–106. Indeed, Plaintiffs compare quarterly returns of the challenged funds to those of specific, apt comparator funds—all available during the relevant period—to illustrate the imprudent retention of the challenged funds. This analysis is far more detailed and reliable than the "peer group averages" the *Matousek* court rejected. 2022 WL 6880771, at *4. Defendants also entirely fail to address the numerous additional indicia of imprudence Plaintiffs pled about the Fidelity Freedom Funds. This is unsurprising, however, as *Matousek* involves no similar allegations and is uninstructive as it relates to these detailed allegations set forth in the Complaint. *See* Complaint ¶¶ 58–81. Moreover, *Matousek* did not involve allegations concerning the information known and knowable to fiduciaries on a period-by-period basis *at the time of the challenged decisions*, which more than adequately support an inference of imprudence. *See id.* ¶¶ 82–106.

Additionally, Defendants offer *Northwell Health* in support of their "arguments regarding Plaintiffs' allegations of underperformance over a limited period." Notice at 2. While Plaintiffs respectfully disagree with the court's reasoning in *Northwell*, the decision does not counsel for dismissal of Plaintiffs' Complaint. Although the *Northwell* court expressed a preference for ten-year returns data, the Complaint explains that three- and five-year annualized returns are generally considered the preferred industry metric for evaluating investment options. Complaint ¶ 81 n.21. Moreover, as explained above and in Plaintiffs' opposition to Defendants' motion to dismiss, the underperformance highlighted in the Complaint is more than sufficiently "consistent" and "substantial" to support an inference of imprudence. *Northwell*, 2022 WL 4639673, at *7; *see* Complaint at ¶¶ 83–106. Drawing all inferences in Plaintiffs' favor, it is plausible that Defendants' retention of the challenged funds was not "a long-range investment strategy," *Northwell*, 2022 WL 4639673, at *7, but rather a fiduciary breach of prudence.[4]

Ultimately, the Eighth Circuit's opinion in *Matousek* contemplated benchmarks and facts substantially less developed than Plaintiffs' detailed allegations, and the Eastern District of New York erred in discounting three- and five-year investment return metrics. Given the meaningful distinctions articulated above, neither *Matousek* nor *Northwell* should not alter this Court's analysis or serve to support Defendants' motion to dismiss.

---

[4] It also bears noting that the decision in *Northwell* concerned the plaintiff's initial pleading and, pursuant to the court's order, the plaintiff has since moved for leave to file an amended pleading, which remains pending. *See Gonzalez v. Northwell Health, Inc.*, No. 1:20-cv-03256-RPK-RLM, ECF No. 52 (S.D.N.Y. October 31, 2022).

4

Dated: November 15, 2022                                    Respectfully submitted,

/s/ Laurie Rubinow
James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
lrubinow@millershah.com

James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
ajberin@millershah.com

Kolin C. Tang
MILLER SHAH LLP
19712 MacArthur Blvd.
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: kctang@millershah.com

Anna K. D'Agostino
Miller Shah LLP
225 Broadway, Suite 1830
New York, NY 10007
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: akdagostino@millershah.com

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

                Donald R. Reavey
                CAPOZZI ADLER, P.C.
                2933 North Front Street
                Harrisburg, PA 17110
                Telephone: (717) 233-4101
                Facsimile: (717) 233-4103
                Email: donr@capozziadler.com

*Attorneys for Plaintiffs, the Plan and the Proposed Class*